STATE EX REL. HEIN, Respondent, vs. CITY OF BARRON, Appellant.

*January 8—February 4, 1958.*

128

For the appellant there was a brief and oral argument by *George Strang,* city attorney.

For the respondent there was a brief and oral argument by *F. E. Van Sickle* of Barron.

FAIRCHILD, J.   The board of review confirmed the assessment of $28,850. The assessment was presumptively correct and the assessor testified in explanation and support of it. The taxpayer asserts that the full value and fair market value are to be determined by the $15,000 price paid at a contemporaneous sale.

"Where the clear market value is *not* established by a sale or sales the assessor or the board of review should consider all the facts collectively which have a bearing upon such market value, in order to determine it. But such facts only indicate what the fair market value is and there is no occasion to resort to them, and it is wrong to do so, when the market value is established by a fair sale of the property in question or like property." *State ex rel. Enterprise Realty Co. v. Swiderski* (1955), 269 Wis. 642, 645, 70 N. W. (2d) 34.

"There was a contemporaneous sale of the property in question. That being so, the taxpayer still has the burden of showing that the sale was made under normal conditions so as to lead to the conclusion that the price paid was that which could ordinarily be obtained for the property. If those condi-

tions are met there is no occasion to consider other factors and it is wrong to do so." *State ex rel. Evansville Mercantile Asso. v. Evansville* (1957), 1 Wis. (2d) 40, 43, 82 N. W. (2d) 899.

In *State ex rel. Hennessey v. Milwaukee* (1942), 241 Wis. 548, 6 N. W. (2d) 718, where an assessment based on formula and opinion was set aside, there was not only a recent sale of the property under consideration but evidence of sales and offers of similar property in the vicinity and of the condition of the parties to the sales and offers.

"Does the fact that this property was sold immediately after the assessment for a price materially less than the asessor's valuation so clearly establish the full value which would ordinarily be obtained at private sale as to demonstrate the incorrectness or inaccuracy of the assessor's judgment? We think not, unless such evidence is accompanied by a showing that the sale was made under such normal and usual circumstances as to lead to the conclusion that the price paid was that which ordinarily could be obtained at private sale. The relations and circumstances of the parties, as well as the purpose of the sale, have an important bearing upon this question. Other circumstances not here named may demonstrate that the sale was a normal and usual one, and give such probative force to the price paid as to compel the conclusion that the assessor's valuation was incorrect. It seems to us, however, that the burden of producing this evidence is upon the person seeking to attack the assessment, and that the presumption survives until a showing of this sort has been made. In this case, we consider that the trial court correctly decided that the evidence offered was too meager to compel the conclusion that the board of review committed jurisdictional error in allowing the assessment to stand." *State ex rel. Collins v. Brown* (1937), 225 Wis. 593, 595, 275 N. W. 455.

As indicated in the statement of facts the taxpayer in the instant case offered no proof of the financial condition of the seller nor its motivation for the sale. The assessor testified that the people who evidently owned the selling corporation were endeavoring to dispose of a number of properties during the same period. The bank's willingness to lend 87 per cent of the purchase price on the security of a mortgage on the property, the taxpayer's testimony six months after the purchase and two months after the assessment date that he should get $25,000 for the property, and the fact that the property was insured for $32,000 and rented for $250 per month, all suggest that the property was a bargain at $15,000. The taxpayer's testimony that he knew of no reason why the former owner was forced to sell and that the property had been for sale for at least a year was not sufficient to compel the board of review to conclude that the full value of the property was established by the sale.

We therefore cannot agree with the circuit court that the board of review acted outside its jurisdiction in confirming the assessment.

*By the Court.*—Judgment reversed, cause remanded with directions to enter judgment dismissing the writ with costs.