SUPERIOR NURSING HOMES, INC., Appellant, v. CITY OF WAUSAU, Respondent.

*January 3—January 30, 1968.*

For the appellant there was a brief by *Tinkham, Smith, Bliss & Patterson* of Wausau, and oral argument by *Richard P. Tinkham.*

For the respondent there was a brief and oral argument by *Anthony S. Earl,* city attorney.

BEILFUSS, J. The appellant taxpayer contends that the board of review disregarded competent testimony and based its decision upon arbitrary values which did not constitute substantial evidence, thereby committing jurisdictional error.

The legislature has directed (sec. 70.32 (1), Stats.) that:

"Real property shall be valued by the assessor from actual view or from the best information that the assessor can practicably obtain, at the full value which could ordinarily be obtained therefor at private sale. . . ."

In many instances, as in this case, an assessor is confronted with real estate that has not recently been sold in an arm's-length transaction, nor are there any recent sales of comparable property which could constitute a

reliable basis for determining the market value of the property in question. To comply with the statutory standard the assessor must then determine market value "from the best information that the assessor can practicably obtain."

In *State ex rel. Garton Toy Co. v. Mosel* (1966), 32 Wis. 2d 253, 258, 259, 145 N. W. 2d 129, we stated:

"This court has often announced the method and considerations that assessors must utilize in order to comply with the statutory requirements for the proper assessment of real estate. In *State ex rel. Evansville Mercantile Asso. v. Evansville* (1957), 1 Wis. (2d) 40, 82 N. W. (2d) 899, the court reiterated many of the principles to be applied in the review of tax assessments; it stated again that for tax purposes property must be assessed at its fair market value. In *State ex rel. I. B. M. Corp. v. Board of Review* (1939), 231 Wis. 303, 311, 312, 285 N. W. 784, this court explained some of the elements to be considered by assessors in determining the fair market value:

" 'This court has several times held that in determining market value of real estate for taxation purposes it is proper to consider such elements as costs, depreciation, replacement value, income, industrial conditions, location and occupancy, sales of like property, book value, amount of insurance carried, value asserted in a prospectus, and appraisals procured by owner. [Cases cited.]'

"The court has announced that the assessor and board of review must consider all of these elements collectively. *State ex rel. Enterprise Realty Co. v. Swiderski* (1955), 269 Wis. 642, 645, 70 N. W. (2d) 34:

" 'Where the clear market value is *not* established by a sale or sales the assessor or the board of review should consider all the facts collectively which have a bearing upon such market value, in order to determine it.'

"What the court has done by these rules is to articulate the criteria by which courts can determine whether assessors or boards of review have made assessments on the statutory basis."

The standard of judicial review in board of review certiorari proceedings was set forth in *Garton Toy, supra,* page 258, as follows:

"In *Central Cheese Co. v. Marshfield* (1961), 13 Wis. (2d) 524, 534, 109 N. W. (2d) 75, we approved the following statement:

" ' "It is first to be pointed out that it is no function of the trial court on certiorari to make an assessment of property, or to order an assessment to be entered on the assessment or tax role at any fixed sum. The sole function of the trial court is to set aside the assessment if it finds upon the undisputed evidence before the board that it has not been fixed upon the statutory basis." '

"The above-quoted language is found in *State ex rel. Kenosha Office Bldg. Co. v. Herrmann* (1944), 245 Wis. 253, 14 N. W. (2d) 157, 14 N. W. (2d) 910. The opinion further states at pages 257, 258:

" 'The usual course in *certiorari* to review the action of a board of review has been for the trial court to determine whether the undisputed evidence submitted by the taxpayer was such as to show the assessment objected to was not based on sale value as fixed by the statute. If so the assessment has been set aside. Where the evidence so produced was controverted,—if in any reasonable view the evidence as a whole would support the assessment,—the assessment has been upheld. Also, if the record before the court showed that the assessor or the board excluded from consideration evidence entitled to consideration or if the assessor based his valuation on improper considerations or went upon a false assumption or theory in determining the amount, or gave to facts considered unwarranted effect or drew from them unwarranted conclusions the assessment has been set aside.' "

The appellant taxpayer contends that the essential facts of *Garton Toy* are identical to the facts of this case. We conclude that the essential facts of these two cases, as they appear in the records, are quite similar but not identical in some important aspects in view of the stated scope of judicial review in cases of this kind.

In both cases the major item of the assessment was a substantial new building; neither had been bought or sold at a recent arm's-length sale; in neither instance were the sales of like or comparable sale available; in

both, the assessor viewed the property and used recognized appraisers' manuals to calculate the construction cost—the difference in this respect is that the assessor in this case thoroughly examined the building and the blueprints and several appraisal manuals were used and compared, whereas in *Garton Toy* just one manual was used. The construction costs were offered in evidence at the hearing before the board of review in both cases.

In *Garton Toy*, at page 261, it appears that: " 'There is nothing in the record to cast doubt concerning the veracity of these actual costs nor is there anything in the record even tending to indicate that such construction costs were anything other than bona fide costs, existing in the area at the time, and arrived at through arm's-length negotiating. . . .' " It further appears, page 260: "It is not disputed that the assessors and the board of review completely ignored the actual cost of the construction of the taxpayer's plant, . . ."

In this case construction costs were not furnished nor available to the assessor at the time of assessment but were made available to the assessor and the board of review at the time of the hearing. The evidence of the construction costs was simply a recapitulation of bank checks used to pay a multitude of items of construction cost. It is apparent from the record of the hearing (the hearing was adjourned to permit the appellant to furnish evidence of construction costs) that the assessor and the members of the board of review examined and considered the evidence of construction costs overall and in detail. The members of the board and witnesses discussed the fact that customary fees of a general contractor and architect were not included. They discussed and compared costs calculated on a per square foot basis and a per room basis. One member of the board questioned the reliability of the construction cost report—it was only a recapitulation of payments made by bank check.

In this case it cannot be said that the board of review ignored the evidence of construction costs nor that it did not compare or weigh them against other acceptable evidence as to value.

All of the witnesses agreed that the nursing home, by virtue of the good management and ingenuity of the appellant, was constructed at a cost lower than the usual cost for a building of this type and kind. It was the testimony of the appellant and his witnesses that he should be given an assessment benefit because of his efforts. It is obvious that construction costs do not always equal fair market value—they may be lower or higher. It is the obligation of the assessor and the board of review to determine fair market value from the best competent evidence available, which may or may not coincide with construction costs (less depreciation).

It is our opinion that the board of review did consider all of the competent evidence and that it did not base its decision upon arbitrary values which did not constitute substantial evidence, and that no jurisdiction error was committed.

*By the Court.*—Judgment affirmed.