STATE EX REL. COLLINS and wife, Appellants, vs. BROWN, City Clerk, Respondent.

*September 15—October 12, 1937.*

For the appellants there was a brief by *Bird, Smith, Okoneski & Puchner* of Wausau, and oral argument by *R. E. Puchner*.

For the respondent the cause was submitted on the brief of *E. P. Gorman*, city attorney.

WICKHEM, J. The assessment in question is of six city lots and a dwelling house thereon, located in the city of Wausau, and for the year 1936. Plaintiffs purchased the property on July 3, 1936, for $18,000 by land contract which obligated them to pay the 1936 taxes. The assessment of the property as of May, 1936, was $30,250. The record shows that the following is the entire evidence presented to the board of review upon objection to the assessment:

"Harold C. Collins, sworn:
"You live in the city of Wausau? Yes.
"How long have you lived here? Since 1932.
"Did you purchase one half of the McCullough property together with the buildings? Yes.
"Have you the contract of purchase? Yes.
"What is the amount of the contract? $18,000, this amount includes quite a lot of personal property.
"Claims assessment should be reduced to $12,500 according to schedule of assessment as established by the Wisconsin tax commission. Mr. Collins has no financial holding in the Yawkey-Alexander Lumber Company."

It has consistently been held in this state that the assessor's valuation is *prima facie* correct and will not be set aside in the absence of evidence showing it to be incorrect. *State ex rel. Miller v. Thompson,* 151 Wis. 184, 138 N. W. 628; *State ex rel. Althen v. Klein,* 157 Wis. 308, 147 N. W. 373; *State ex rel. Kimberly-Clark Co. v. Williams,* 160 Wis. 648, 152 N. W. 450; *Peninsular Power Co. v. Tax Comm.* 195 Wis. 231, 218 N. W. 371; *Worthington Pump & M. Corp. v. Cudahy,* 205 Wis. 227, 237 N. W. 140.

It was stated in *State ex rel. Kimberly-Clark Co., supra* (p. 651):

"Where there is competent testimony, unimpeached by other evidence, which shows that the assessor's judgment is at fault, such evidence cannot be disregarded by the board of review. If the board does disregard it, jurisdictional error is committed. *Milwaukee I. Co. v. Schubel,* 29 Wis. 444, 452, 453; *State ex rel. Heller v. Lawler, supra* [103 Wis.

460] ; *Brown v. Oneida Co., supra* [103 Wis. 149] ; *Tainter v. Lucas,* 29 Wis. 375 ; *Wilson v. Heller,* 32 Wis. 457."

Plaintiffs contend that the unimpeached and uncontroverted evidence before the board of review was to the effect that a price very much lower than the assessment was paid for the property at a time so close to the date of assessment as to demonstrate the excessive character of the assessor's valuation and rebut the presumption of its correctness. It is contended that the rule that an assessor's valuation is *prima facie* correct is a mere presumption; that it does not constitute evidence; and that it disappears upon the introduction of any evidence showing it to be incorrect or inaccurate. *Smith v. Green Bay,* 223 Wis. 427, 271 N. W. 28. The evidence in this case must be considered to be unimpeached and uncontradicted. Consequently, we are solely concerned with its effect. If it demonstrated the incorrectness of the assessor's valuation, it would rebut the presumption of correctness attached by law to the valuation, and its disregard by the board of review would constitute jurisdictional error and not the exercise of an honest judgment.

This brings the question involved within a very narrow compass. The standard of assessment fixed by sec. 70.32 (1), Stats., is "the full value which could ordinarily be obtained therefor at private sale." Does the fact that this property was sold immediately after the assessment for a price materially less than the assessor's valuation so clearly establish the full value which would ordinarily be obtained at private sale as to demonstrate the incorrectness or inaccuracy of the assessor's judgment? We think not, unless such evidence is accompanied by a showing that the sale was made under such normal and usual circumstances as to lead to the conclusion that the price paid was that which ordinarily could be obtained at private sale. The relations and circumstances of the parties, as well as the purpose of the sale, have an important bearing upon this question. Other circumstances not

here named may demonstrate that the sale was a normal and usual one, and give such probative force to the price paid as to compel the conclusion that the assessor's valuation was incorrect. It seems to us, however, that the burden of producing this evidence is upon the person seeking to attack the assessment, and that the presumption survives until a showing of this sort has been made. In this case, we consider that the trial court correctly decided that the evidence offered was too meager to compel the conclusion that the board of review committed jurisdictional error in allowing the assessment to stand.

*By the Court.*—Judgment affirmed.

FAIRCHILD, J., dissents.