STATE EX REL. ENTERPRISE REALTY COMPANY, Appellant, vs. SWIDERSKI and others, Respondents.*

*April 5—May 3, 1955.*

---

\* Motion for rehearing denied, with $25 costs, on June 28, 1955.

For the appellant there was a brief by *Zillmer & Redford* of Milwaukee, and oral argument by *John M. Redford*.

For the respondents there was a brief by *Walter J. Mattison,* city attorney of Milwaukee, and *Richard F. Maruszewski* and *John F. Cook,* assistant city attorneys, and oral argument by *Mr. Maruszewski* and *Mr. Cook*.

BROWN, J. Sec. 70.32 (1), Stats., declares that real property shall be valued at the full value which could ordinarily be obtained therefor at private sale. Neither party disputes the effect of this statute. Their dispute is over the question of whether such true value on May 1, 1953, is $525,000, the purchase price on July 1, 1951, plus $135,577.10, or whether it is $763,000, as found by the assessor.

It is established that the assessor's valuation must be taken as presumptively correct in proceedings attacking the assessment. *State ex rel. Hennessey v. Milwaukee* (1942), 241 Wis. 548, 550, 6 N. W. (2d) 718. By sec. 70.47 (13), Stats., relating to the board of review in cities of the first class, of which Milwaukee is one, the determinations of the board acting within its powers are *prima facie* correct. The courts do not have jurisdiction to disturb the findings of a board of review except where the board acts in bad faith or exceeds its jurisdiction. *State ex rel. Pierce v. Jodon* (1924), 182 Wis. 645, 197 N. W. 189. In the absence of bad faith, if the evidence presented to the board of review is sufficient to furnish a substantial basis for the valuation found by the board, its decision will not be disturbed. *Wisconsin Malting Co. v. Manitowoc* (1937), 225 Wis. 393, 274 N. W. 288.

Where the clear market value is *not* established by a sale or sales the assessor or the board of review should consider all the facts collectively which have a bearing upon such market value, in order to determine it. But such facts only indicate what the fair market value is and there is no occasion to resort to them, and it is wrong to do so, when the market value is established by a fair sale of the property in question or like property. *State ex rel. Hennessey v. Milwaukee, supra.* The *Hennessey Case* involved a residence purchased in September, 1940, for $12,500 and improved at a cost of $500 or $600 before May 1, 1941, the assessment date. The assessor and the board, using factors other than the sale plus value created by the improvements, reached a valuation of $16,500. Hennessey contended that the assessment should be $12,500 plus $500 or $600 which he concedes were added to the value by the improvements he made. He produced evidence of current sales of similar property in the neighborhood to substantiate his idea of value.

The present appellant relies entirely on the *Hennessey Case, supra.* We do not question the law there established but there is a material variation in the Hennessey facts from those now before us. In both cases there was a fairly recent sale of the property in question, buttressed in the case of Hennessey by other sales and offerings of near-by similar property. Now, and in *Hennessey,* the sales were fair and produced the full value which could ordinarily be obtained for each property at private sale. In each case the new owner made some improvements at a known cost. There seems to have been no contention in the Hennessey matter that the alterations produced value in excess of the cost of the alterations. That contention is vigorously maintained here. Unlike *Hennessey,* the board had a great deal of evidence that the alterations materially changed the character of the building. The Hennessey residence remained a residence and the

evidence showed what similar neighboring residences were selling for at the date of the assessment. In the present case the evidence is that by the expenditures the new owner converted the loft and light-manufacturing building which he had bought into an office building, suitable for and actually attracting different and more desirable businesses.

The value of appellant's building in the character it had on May 1, 1953, is the important thing. Its value in a different character on July 1, 1951, is only incidental. There is no evidence of actual sales of office buildings in the vicinity of this one. Not having any sales of real estate of this sort to go on, the assessor and the board of review were not precluded from calculating its full value by consideration of other facts which have a bearing on it. That being so, we are unable to find that the assessor or the board of review acted arbitrarily, in bad faith, or in excess of their jurisdictions in declining to be limited by the original purchase price and alteration cost. Under these circumstances they properly supplemented such figures by a consideration of the additional facts upon which the assessment was finally based. The evidence presented to the board of review furnishes a substantial basis for the valuation which it found and its decision, therefore, should not be disturbed.

*By the Court.*—Judgment affirmed.