STATE EX REL. EVANSVILLE MERCANTILE ASSOCIATION, Appellant, vs. CITY OF EVANSVILLE, Respondent.

*April 12—May 7, 1957.*

For the appellant there were briefs and oral argument by *Albert H. Gill* of Evansville.

For the respondent there was a brief and oral argument by *Donald F. Gallagher* of Evansville.

BROWN, J. In a scholarly memorandum decision the learned trial court stated many of the principles to be observed by courts reviewing upon certiorari the decisions of boards of review. We quote the principles so stated with the supporting authorities:

"For tax purposes property must be assessed at its fair market value. It is the task of the assessor to determine as accurately as he can the value of the property. The fair market value of the property is the amount for which it will sell upon negotiations resulting in a sale between an owner willing but not obliged to sell and a willing buyer not obliged to buy.

"There is a presumption that the assessor's valuation is correct. Such valuation will not be set aside in the absence of evidence showing it to be incorrect. *State ex rel. Collins v. Brown,* 225 Wis. 593, 275 N. W. 455; *State ex rel. Enterprise Realty Co. v. Swiderski,* 269 Wis. 642, 70 N. W. (2d) 34.

"The burden of producing evidence to overcome this presumption is upon the person who seeks to attack the assessment, and the presumption survives until it is met by credible evidence. *State ex rel. Collins v. Brown, supra.*

"If there is a conflict in the testimony respecting the value of the property the court does not substitute its opinion of the value for that of the board of review. If there is credible evidence before the board that may in any reasonable view support the assessor's valuation, that valuation must be upheld. *State ex rel. North Shore Development Co. v. Axtell,* 216 Wis. 153, 256 N. W. 622.

"In the absence of arbitrary action or bad faith, if the evidence is sufficient to furnish a substantial basis for the valuation found by the board its decision will not be disturbed. *State ex rel. Enterprise Realty Co. v. Swiderski, supra.*

"If there be adduced before the board competent evidence which is unimpeached and uncontradicted and which shows

that the assessor's valuation is incorrect, such evidence cannot be disregarded by the board. Disregard of such evidence is considered to be jurisdictional error. *State ex rel. I. B. M. Corp. v. Board of Review,* 231 Wis. 303, 285 N. W. 784."

To these we should add:

"The statutory rule of assessment of real estate is to assess it at its sale value and not at its intrinsic value if that differs from the sale value." *State ex rel. Northwestern M. L. Ins. Co. v. Weiher* (1922), 177 Wis. 445, 448, 188 N. W. 598.

"Sec. 70.32, Stats., provides that 'Real property shall be valued by the assessor . . . at the full value which could ordinarily be obtained therefor at private sale. . . .' By sec. 70.34 articles of personal property shall '. . . be valued by the assessor . . . at their true cash value. . . .' These sections have often been construed. In each class of property they presuppose a value at which a willing buyer and a willing seller would deal. For property whose market is restricted or nonexistent and for unique property which is not for sale the appraisal is necessarily based on many factors other than actual sales of this or comparable property. Nevertheless, the task of the appraiser is to determine, as accurately as he can, the amount which the property would bring in the period for which the assessment is made, both buyer and seller being willing and able to deal." *State ex rel. Baker Mfg. Co. v. Evansville* (1952), 261 Wis. 599, 608, 53 N. W. (2d) 795.

"Where the clear market value is *not* established by a sale or sales the assessor or the board of review should consider all the facts collectively which have a bearing upon such market value, in order to determine it. But such facts only indicate what the fair market value is and there is no occasion to resort to them, and it is wrong to do so, when the market value is established by a fair sale of the property in question or like property." *State ex rel. Enterprise Realty Co. v. Swiderski* (1955), 269 Wis. 642, 645, 70 N. W. (2d) 34.

There was a contemporaneous sale of the property in question. That being so, the taxpayer still has the burden of

showing that the sale was made under normal conditions so as to lead to the conclusion that the price paid was that which could ordinarily be obtained for the property. If those conditions are met there is no occasion to consider other factors and it is wrong to do so.

The sale by the stockholders of the corporation to the appellant partnership included the entire business as a going concern. In recent years the business had been unprofitable. In 1954, on sales of $368,200, there was an operating loss of about $4,100 after paying $10,317 in salaries to officers of the corporation. There was also a loss in 1953. 1952 showed a small profit. Though the only liabilities were $6,000 in promissory notes at the bank as against accounts receivable of $32,000, and the corporation had an earned surplus of $134,800, with cash in the bank of $5,400, the shareholders were displeased with their investment and wanted to liquidate it. Unsuccessful efforts were made to interest some of the stockholders in buying out the others, and the owners of 51.5 per cent of the stock offered it to a third party at $450 per share. At length a group of four men, the appellant partners, none of whom were shareholders of the corporation or related to any shareholder, was interested. Negotiations between this group and the shareholders were carried on for about a year, beginning with an offer to sell the entire business for $156,000 and culminating in an offer to buy for $152,000 and the assumption by the buyers of the $6,000 debt at the bank. The stockholders unanimously accepted this offer and the sale at that price was consummated. Translated into return on the corporate stock this produced $437 per share.

All the evidence shows that the parties dealt at arm's length. There is not the slightest evidence of outside pressure upon the corporation to induce a liquidation. The shareholders' investment was unattractive to them and for more than a year they had the property on the market. This was

the best offer they could get for it and we find in the record no reason to suppose that it would bring any more from any buyer willing but not obliged to buy or that there are any special circumstances which depressed the price. The intrinsic value may have been greater, but it is the sale value which controls assessments. *State ex rel. Northwestern M. L. Ins. Co. v. Weiher, supra; State ex rel. New Lisbon State Bank v. New Lisbon* (1952), 260 Wis. 607, 51 N. W. (2d) 509. The owners were willing but not obliged to sell. We conclude that the fair market value was established by this sale and that other evidence tending to show what market value might be, which might be resorted to in the absence of such a sale, may not be used here to overthrow the evidence of the market itself. Therefore the assessment must be set aside and recalculated upon the basis of the price which appellants paid for the property.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings not inconsistent with this opinion.