STATE EX REL. MARKARIAN, Respondent, v. CITY OF CUDAHY, Appellant.

*No. 53. Argued January 8, 1970.—Decided February 6, 1970.*
(Also reported in 173 N. W. 2d 627.)

684

For the appellant there were briefs by *Boren, Schmidt & Fleming* and *James E. Boren*, city attorney, all of Cudahy, attorneys, and *Morton J. Schmidt*, assistant city attorney, of counsel, and oral argument by *Morton J. Schmidt*.

For the respondent there was a brief by *Schmus & Panosian* and *Charles G. Panosian*, all of West Allis, and oral argument by *Charles G. Panosian*.

HALLOWS, C. J. The city claims there was credible evidence by the assessor which reasonably supports the assessment and the board of review did not act arbitrarily, in bad faith or dishonestly, or refuse to consider competent, substantial evidence presented by Markarian because most of his testimony was hearsay. There is no question the board of review did not act arbitrarily or in bad faith or dishonestly. But there is an issue of whether the board refused to consider competent evidence presented by Markarian and whether the method of evaluation used by the assessor was correct. The trial court based its reversal on the ground the assessor completely ignored evidence in respect to a change of grade of the street and its depressing effect on the value of the property and on the ground the assessment was not based on the sale value as required by statute.

The valuation of real estate for tax purposes is governed by sec. 70.32 (1), Stats.,[1] which requires it to be valued from the best information at "the full value which could ordinarily be obtained therefor at a private sale." Commonly stated, sec. 70.32 (1) requires real estate to be assessed at its fair market value which has often been defined as the amount the property could be sold for in the open market by an owner willing and able but not compelled to sell to a purchaser willing and able but not obliged to buy. *State ex rel. Hennessey v. Milwaukee* (1942), 241 Wis. 548, 6 N. W. 2d 718; *State ex rel. Farmers & Merchants State Bank v. Schanke*

[1] "70.32 **Real estate, how valued.** (1) Real property shall be valued by the assessor from actual view or from the best information that the assessor can practicably obtain, at the full value which could ordinarily be obtained therefor at private sale. In determining the value the assessor shall consider, as to each piece, its advantage or disadvantage of location, quality of soil, quantity of standing timber, water privileges, mines, minerals, quarries, or other valuable deposits known to be available therein, and their value; . . ."

(1945), 247 Wis. 182, 19 N. W. 2d 264; *State ex rel.
Baker Mfg. Co. v. Evansville* (1952), 261 Wis. 599, 608,
53 N. W. 2d 795; *State ex rel. Evansville Mercantile
Asso. v. Evansville* (1957), 1 Wis. 2d 40, 82 N. W. 2d
899.

The "best information" of such value is a sale of the
property or if there has been no such sale then sales
of reasonably comparable property. In the absence of
such sales, the assessor may consider all the factors col-
lectively which have a bearing on value of the property
in order to determine its fair market value. However,
it is error to use this method "when the market value
is established by a fair sale of the property in question
or like property." *State ex rel. Enterprise Realty Co.
v. Swiderski* (1955), 269 Wis. 642, 645, 70 N. W. 2d 34.
The statutory rule of assessment of real estate is re-
stricted to its sale value in the open market and is not
concerned with its intrinsic value if the intrinsic value
differs either more or less from the sale value. *State
ex rel. Northwestern Mut. Life Ins. Co. v. Weiher* (1922),
177 Wis. 445, 448, 188 N. W. 598.

In reviewing a valuation of real estate on certiorari, the
court must consider the evidence of value in the light of
the presumption of correctness of the assessor's valua-
tion, sec. 70.49 (2), Stats. *See Estate of Ryerson* (1941),
239 Wis. 120, 300 N. W. 782. The assessor's valuation
thus will not be set aside in the absence of evidence
showing it to be incorrect. *State ex rel. Collins v. Brown*
(1937), 225 Wis. 593, 275 N. W. 455; *State ex rel.
Enterprise Realty Co. v. Swiderski, supra.* We have also
held that in certiorari proceedings a court should not dis-
turb the findings of a board of review if the evidence
presented in favor of the assessment furnishes a sub-
stantial basis for that evaluation, but both of these rules
presuppose the method of evaluation is in accordance
with the statutes. Errors of law should be corrected
by the court on certiorari and the failure to make an
assessment on the statutory basis is an error of law.

*Madison Aerie No. 623 F. O. E. v. Madison* (1957), 275 Wis. 472, 474, 475, 82 N. W. 2d 207; *State ex rel. Garton Toy Co. v. Mosel* (1966), 32 Wis. 2d 253, 145 N. W. 2d 129; *see also State ex rel. Boostrom v. Board of Review* (1969), 42 Wis. 2d 149, 166 N. W. 2d 184.

The property in question is a parcel of land on the southwest corner of Ramsey avenue and Illinois avenue in the city of Cudahy with a frontage on Ramsey of 295 feet and a frontage on Illinois of 215 feet. The property is unimproved and has been owned by Markarian for some years and consequently there has been no recent sale of the parcel which could be used as a standard. However, instead of using sales of comparable unimproved property, the city claims the assessor took all the factors pertaining to the value of this parcel into consideration. It cites 2 Am. Jur., *Proof of Facts,* Appraisals, p. 7, which list numerous factors which should be taken into consideration, such as: (1) Highest and best use of land; (2) character of area as residential; (3) economic conditions and trends; (4) proximity to schools, parks, etc.; (5) location of lot within block; and (6) suitability of improvement to site. The deputy assessor testified in respect to these factors alluding to the location of the property, the development of the area, the proximity of the county park and a new school, the use of the land and suitability of improvements to the site. He also testified the area was almost completely developed and although the property was unimproved, sewer and water were available. However, the deputy assessor did not testify that these factors were used in arriving at the assessment but stated the assessor would testify on the method of appraisal.

The assessor testified that the parcel would sometime in the future most likely be utilized as residential lots for which it was zoned. Unimproved lots of 60 by 120 feet in the area were selling for $6,200 and Markarian's parcel was the equivalent of four comparable lots of 72-foot frontage on Ramsey avenue and a 95-foot lot

fronting on Illinois. The assessor made deductions for cost of improvements and cost of subdividing and found a net value of $3,000 for each of the possible four unimproved lots and valued the odd lot at $2,000, making a total of $14,000 for the undivided parcel. Since the city of Cudahy assesses at 50 percent of the market value, the assessment was set at $7,000.

The trial court held this was not the statutory basis for assessing the value of this unimproved parcel of land. We agree. We think sales of comparable unimproved property should have been used. But assuming the assessor's method to be acceptable in this case, the assessor did not make any allowance for or take into consideration the fact that Ramsey avenue was cut low which would require Markarian to spend considerable money to grade the property if he were to use it for residential purposes.

Markarian claims the parcel is worth no more than $6,000 based upon sales of comparable unimproved property in the area. It is true that part of Markarian's testimony is hearsay but it was not objected to or contradicted at the hearing and has probative value in these circumstances before the board. He testified that land north of his property on the other side of Ramsey was sold a year before for $6,000 an acre; that the city bought 10 or 15 acres of land for the new school at the corner of Ramsey and Illinois avenues across from his property for $4,000 an acre; that a Mr. Waxman had some 10 acres of land close to Markarian's on the south which he had partly subdivided and could not sell for $2,500 a lot. Later he sold the 10 acres for $5,500 an acre according to the records in the courthouse. Markarian also testified concerning the grade elevation of Ramsey and the higher elevation of his property in relation to the streets, and the necessity of grading before the property could be used. As the circuit judge stated, "Markarian's testimony showed that within the

last year or so no purchaser would pay what the assessor suggested."

We think the assessor did not value this unimproved property by the correct method and he did not arrive at the fair market value by his method. Therefore his assessment should not have been approved by the board of review and the circuit court was correct in setting the assessment aside. We do not find nor did the circuit court find the exact value of Markarian's property; that is not the function of the court on certiorari in the usual case. *Central Cheese Co. v. Marshfield* (1961), 13 Wis. 2d 524, 109 N. W. 2d 75; *State ex rel. Kenosha Office Bldg. Co. v. Herrmann* (1944), 245 Wis. 253, 14 N. W. 2d 157, 14 N. W. 2d 910.

*By the Court.*—Judgment affirmed.