THE HONORABLE, THE ASSEMBLY
By Assembly Resolution 54, you have asked my opinion on the constitutionality of 1971 Senate Bill 58 in the form in which it was passed by the Senate on February 1, 1972, and, in particular, on whether or not 1971 Senate Bill 58 violates the uniformity rule of Art. VIII, sec. 1, Const.
1971 Senate Bill 58 provides for a different classification and valuation of agricultural land for property tax purposes and is in violation of the uniformity clause.
The Bill creates subch. VI of ch. 77 relating to the taxation of lands actively devoted to agricultural or horticulture use. Section 77.82 (1), Stats., is created to read: *Page 127 
"77.82 VALUE OF LAND ACTIVELY DEVOTED TO AGRICULTURAL ANDHORTICULTURAL USE. (1) VALUATION. (a) For general property tax purposes, the value of land, not less than 10 contiguous acres in area, which is actively devoted to agricultural or horticultural use as defined in s. 77.81 (2) and which has been so devoted for at least the 5 successive years immediately preceding the tax year in issue is the value which the land has for agricultural or horticultural use.
"(b) All structures actively devoted to agricultural or horticultural use, the farmhouse and the land on which they are located shall be assessed and taxed by the same standards, methods and procedures as other taxable structures and other land in the taxing district."
The Bill establishes a valuation for land used for agricultural or horticultural purposes which is not based on "fair market value." For tax purposes, property must be assessed at its "fair market value." State ex rel. Evansville Mercantile Ass'n. v. Cityof Evansville (1957), 1 Wis.2d 40, 82 N.W.2d 899. A different standard is acknowledged by the creation of a so-called "Roll-back tax" which is defined under sec. 77.82 (2), Stats., to mean:
"(2) ROLL-BACK TAX. `Roll-back tax' means the difference, if any, between the tax paid or payable on the basis of the valuation, assessment and taxation authorized under this subchapter and the tax which would have been paid or payable had the land been valued, assessed and taxed in the same manner as other land in the taxing district."
As early as 1859, the Supreme Court determined in Knowlton v.Supervisors of Rock County, 9 Wis. *410, that the Wisconsin Constitution has fixed one unbending, uniform rule of taxation for the state, and property cannot be classified and taxed by different rules. All kinds of property must be taxed uniformly or be absolutely exempt. Thus, where the city of Janesville included within its limits a large quantity of farming land, which was not within a recorded plat, but provided that land used for agricultural or horticultural purposes would not be subject to the same rate of tax as other lands, the taxes thus levied were determined void in violation of Art. VIII, sec. 1, Wis. Const., which provides that "the rule of taxation shall be uniform." *Page 128 
As recently as 1967, the Supreme Court determined in Gottliebv. Milwaukee, 33 Wis.2d 408, 147 N.W.2d 633, that the following standards of tax uniformity are required by Art. VIII, sec. 1, Wis. Const.:
"1. For direct taxation of property, under the uniformity rule there can be but one constitutional class.
"2. All within that class must be taxed on a basis of equality so far as practicable and all property taxed must bear its burden equally on an ad valorem basis.
"3. All property not included in that class must be absolutely exempt from property taxation.
"4. Privilege taxes are not direct taxes on property and are not subject to the uniformity rule.
"5. While there can be no classification of property for different rules or rates of property taxation, the legislature can classify as between property that is to be taxed and that which is to be wholly exempt, and the test of such classification is reasonableness.
"6. There can be variations in the mechanics of property assessment of tax imposition so long as the resulting taxation shall be borne with as nearly as practicable equality on an advalorem basis with other taxable property."
Clearly, 1971 Senate Bill 58 establishes a separate class for property used for agricultural and horticultural purposes within the general class of taxable real property. It departs from the uniform manner of taxing such real property according to its fair market value, and requires such land to be valued according to its use. This is in violation of Art. VIII, sec. 1, Wis. Const.
It would appear that the most appropriate way to meet the constitutional difficulties inherent in taxing agricultural land at a different rate is through a constitutional amendment. I call to your attention 1971 Assembly Joint Resolution 1, which has passed this session of the legislature. AJR 1 is a constitutional amendment proposed for first consideration that would permit the *Page 129 
Wisconsin Legislature to provide for the taxation of agricultural and undeveloped land at rates which need not be uniform with each other nor with other real property.
RWW:APH