STATE EX REL. PARK PLAZA SHOPPING CENTER, INC., Appellant, v. BOARD OF REVIEW FOR THE CITY OF MADISON and others, Respondents.

*No. 189. Argued November 27, 1973.—Decided December 21, 1973.*
(Also reported in 213 N. W. 2d 27.)

For the appellant there was a brief by *Robert J. Kay* and *Geisler & Kay,* all of Madison, and oral argument by *Robert C. Voss* of Madison.

For the respondents there was a brief by *Edwin Conrad,* city attorney, and *Larry W. O'Brien,* deputy city attorney, and oral argument by *Mr. O'Brien.*

BEILFUSS, J.    The relator, Park Plaza, contends that any reasonable view of the evidence taken as a whole

does not support the assessment as determined by the board of review in that it excluded evidence entitled to consideration, based its determination on erroneous assumptions or theories, and gave some facts unwarranted effect. It also argues that the board arbitrarily fixed the assessment on the improvements at the same figure as the 1969 assessment.

We repeat the basis upon which assessments must be made and the standards of judicial review as set forth in *Superior Nursing Homes, Inc. v. Wausau* (1968), 37 Wis. 2d 570, 574–576, 155 N. W. 2d 670:

"The legislature has directed (sec. 70.32 (1), Stats.) that:

" 'Real property shall be valued by the assessor from actual view or from the best information that the assessor can practicably obtain, at the full value which could ordinarily be obtained therefor at private sale. . . .'

"In many instances, as in this case, an assessor is confronted with real estate that has not recently been sold in an arm's-length transaction, nor are there any recent sales of comparable property which could constitute a reliable basis for determining the market value of the property in question. To comply with the statutory standard the assessor must then determine market value 'from the best information that the assessor can practicably obtain.'

"In *State ex rel. Garton Toy Co. v. Mosel* (1966), 32 Wis. 2d 253, 258, 259, 145 N. W. 2d 129, we stated:

" 'This court has often announced the method and considerations that assessors must utilize in order to comply with the statutory requirements for the proper assessment of real estate. In *State ex rel. Evansville Mercantile Asso. v. Evansville* (1957), 1 Wis. (2d) 40, 82 N. W. (2d) 899, the court reiterated many of the principles to be applied in the review of tax assessments; it stated again that for tax purposes property must be assessed at its fair market value. In *State ex rel. I. B. M. Corp. v. Board of Review* (1939), 231 Wis. 303, 311, 312, 285 N. W. 784, this court explained some of the elements

to be considered by assessors in determining the fair market value:

" ' "This court has several times held that in determining market value of real estate for taxation purposes it is proper to consider such elements as costs, depreciation, replacement value, income, industrial conditions, location and occupancy, sales of like property, book value, amount of insurance carried, value asserted in a prospectus, and appraisals procured by owner. [Cases cited.]"

" 'The court has announced that the assessor and board of review must consider all of these elements collectively. *State ex rel. Enterprise Realty Co. v. Swiderski* (1955), 269 Wis. 642, 645, 70 N. W. (2d) 34:

" ' "Where the clear market value is *not* established by a sale or sales the assessor or the board of review should consider all the facts collectively which have a bearing upon such market value, in order to determine it."

" 'What the court has done by these rules is to articulate the criteria by which courts can determine whether assessors or boards of review have made assessments on the statutory basis.'

"The standard of judicial review in board of review certiorari proceedings was set forth in *Garton Toy, supra,* page 258, as follows:

" 'In *Central Cheese Co. v. Marshfield* (1961), 13 Wis. (2d) 524, 534, 109 N. W. (2d) 75, we approved the following statement:

" ' "It is first to be pointed out that it is no function of the trial court on certiorari to make an assessment of property, or to order an assessment to be entered on the assessment or tax rule at any fixed sum. The sole function of the trial court is to set aside the assessment if it finds upon the undisputed evidence before the board that it has not been fixed upon the statutory basis."

" 'The above-quoted language is found in *State ex rel. Kenosha Office Bldg. Co. v. Herrmann* (1944), 245 Wis. 253, 14 N. W. (2d) 157, 14 N. W. (2d) 910. The opinion further states at pages 257, 258:

" ' "The usual course in *certiorari* to review the action of a board of review has been for the trial court to determine whether the undisputed evidence submitted

by the taxpayer was such as to show the assessment objected to was not based on sale value as fixed by the statute. If so the assessment has been set aside. Where the evidence so produced was controverted,—if in any reasonable view the evidence as a whole would support the assessment,—the assessment has been upheld. Also, if the record before the court showed that the assessor or the board excluded from consideration evidence entitled to consideration or if the assessor based his valuation on improper considerations or went upon a false assumption or theory in determining the amount, or gave to facts considered unwarranted effect or drew from them unwarranted conclusions the assessment has been set aside." ' "

The property in question had not been sold recently nor were there any comparable sales of shopping centers from which the assessor could determine fair market value.[1] Accordingly, the assessor used three methods as the best information available to determine the assessment. They were (1) reproduction costs less depreciation, (2) capitalization of income, and (3) a method he characterized as market approach utilizing a gross rent multiplier.

The relator, Park Plaza, contends that in all three methods the assessor used inaccurate factors to arrive at his valuations as demonstrated by its appraiser at the board of review hearing and that under no reasonable view does the evidence support the findings of the board.

Park Plaza argues that when the assessor used the cost-less-depreciation method he did not give proper consideration to factors involving depreciation, i.e., condition of the building, the unique designs and needed improvements. The city assessor testified that he examined the physical property himself on or around May 1, 1970. The assessor conceded that factors which Park

[1] *State ex rel. Markarian v. Cudahy* (1970), 45 Wis. 2d 683, 173 N. W. 2d 627.

Plaza's appraiser claimed justified a higher allowance for depreciation did exist, but he did adhere to his own dollar amount of depreciation. This is a mere difference of opinion between the assessor and the appraiser and does not overcome the burden of proof to show improper considerations. Furthermore, the fact that the board of review reduced the assessment by $65,000 does indicate that the board did consider the relator's evidence as to depreciation.

The relator next contends that the assessor erred in the manner in which he employed the capitalization-of-income method in that he failed to use actual income and expenses, did not properly stabilize income and that he did not select the proper capitalization rate. The assessor stated that he used actual income but estimated expenses. Mr. Brown, on behalf of Park Plaza, testified that he considered actual expenses, but in arriving at his assessment he, too, estimated expenses because the actual expenses were not broken down and properly detailed. Thus we have two estimated expenses based on differences of opinion. Brown stabilized income by using what he thought was reasonable rental and did not use actual income as did the assessor. Again, this amounts to only a difference in opinion. Certainly it cannot be error for an assessor to use an actual figure rather than resorting to a subjective standard.

The assessor applied a capitalization rate of 12.2 percent and then deducted $88,000 for unfinished areas, while Brown chose to use 13.5 percent. Brown arrived at that figure by choosing an "exceptable income" based upon the nine percent return that triple A rated A. T. & T. bonds were yielding at that time and then adding a fudge-factor of one percent for "hedging against inflation" and adding three and one-half percent for taxes. The relator's appraiser has shown no reason why this

rate, or his method, is any more reliable or accurate than that chosen by the assessor.

The third method used by the city assessor is what he termed the "market approach," which involves the use of a gross rent multiplier. Park Plaza argues that this method is unacceptable and invalid and cites *State ex rel. I. B. M. Corp. v. Board of Review* (1939), 231 Wis. 303, 312, 285 N. W. 784, for the proposition that market value could not depend solely upon the capitalization of gross income by multiplying monthly rental times a factor. While this is true, this was only one of three methods used by the assessor and not the sole method. There is no apparent reason why such a method may not be used for the comparison with other methods. The prior two methods comply with the *State ex rel. I. B. M. Corp.* standards.

Next, relator claims that evidence submitted by the assessor comparing the tax loads of other Madison shopping centers was inadmissible. No authority is cited for this proposition. It cannot be said that such comparisons are without probative value. Such comparisons could serve as an additional check on the accuracy and reasonableness of the assessment and, of course, the party opposing them did have the right to challenge their accuracy and relevancy.

Lastly, relator submits that the board of review acted arbitrarily in reducing the assessment from $975,000 to $910,000. The contention is that the assessment for the previous year was $910,000 and that reducing the 1970 assessment to this exact amount indicates a belief or feeling on the part of the board that it could not or should not go below the 1969 assessment. There is no evidence in the record to support this contention. There is only the statement in the affidavit of relator's attorney, "That based upon statements made by respondent Whelan Burke, he believes that the respondent Board of Review

based its decision in determining the 1970 assessment of Park Plaza Shopping Center, Inc., not on the evidence produced at the hearing before the Board, but on the belief that the Board could not go below the 1969 assessment." Park Plaza did attempt, by way of an order to show cause, to depose the board's chairman and to force the board to issue a written decision, including findings of fact and conclusions of law. Relator's motions for orders to show cause were denied by the circuit court on the basis that sec. 70.32, Stats., does not require the board to file findings of fact and conclusions of law and that *Wright v. Industrial Comm.* (1960), 10 Wis. 2d 653, 103 N. W. 2d 531, held that such quasi-judicial bodies, as the board in this case, should not be harassed by judicial inquiry as to precisely how they performed their adjudicative function. (Park Plaza has not appealed the denial of its motions.) The record is devoid of any evidence to support relator's contention of arbitrary action by the board, and because the presumption is in favor of the assessment and the action of the board, relator's contention must fail. *See State ex rel. Boostrom v. Board of Review* (1969), 42 Wis. 2d 149, 166 N. W. 2d 184.

The judgment quashed the writ and dismissed the action. The judgment should be modified to affirm the determination of the board of review and, as modified, affirmed. *State ex rel. Park Plaza Shopping Center v. O'Malley, supra.*

*By the Court.*—Judgment modified and, as modified, affirmed.