Joseph GROTTO, Norma Grotto, Polly Berg, Jerry Berg, Ellen Folker, Gerald Folker, Frank J. Klauke, Fred Burke, Richard Smith, E. Joan Smith, John Bodin, Lorena Bodin, Ann Mahash, Ed Mahash, James Prabst, Lillian Prabst, Shirley Schulz, Fred Schulz, Robert O'Gorman, Sue O'Gorman, Leo Porter, Gloria Porter, Harlan Anderson, Margaret Anderson, Lee Singer, Lynda Singer, Donald M. Gergen, Charlet Gergen, Gene Larson, Al Rueger, Jeannine Rueger, Glen Sandstrom, Betty Sandstrom, Joseph Uzuanis, Olga Uzuanis, Thomas Renner, Marylou Renner, Eugene Larson, Virginia Larson, Warren Anderson, Marjorie Anderson, Corinne Kasmar, Ray Kasmar, Marvin Tazelaar, Sylvia Tazelaar, Earl Warner, Marion Warner, Jack Ross, Bonita Ross, Albert Stassi, Fred Suddarth, Antoinette Suddarth, Harold Naber, Marie Naber, Richard Dresser, Mary Lou Dresser, Lee Green, Shirley Green, Frank Dougherty, Robert Rodgers, Marjorie Rodgers, Richard Fairber, Shirley Fairber, Joseph Meier, Karen Meier, Wayne Kiss, Deane Kiss, Gloria Zront, Arthur Zront, Marian Hitchcox, Johnee Hitchcox, John Herschel, Elaine Herschel, D. Daly, Glenn Ellis, Joseph Iocco, Lorraine Iocco, Wilfred Henricksen, Erna Henricksen, Gunnar Berg, Helen Berg, Daryl G. Engel, Sharon Engel, Elliott Giffin, Janet Giffin, Kenneth Spooner, David R. Engel, Marian Engel, Harold Applequist, Eunice Applequist and Sandy Beach Group Association, Plaintiffs-Respondents,

v.

611

CITY OF LAKE MILLS, a Wisconsin Municipal Corporation, Defendant-Appellant.

Court of Appeals

*No. 88-0307. Submitted on briefs November 7, 1988.—Decided March 23, 1989.*

(Also reported in 442 N.W.2d 487.)

For the defendant-appellant the cause was submitted on the brief of *James W. Hammes,* and *Cramer, Multhauf & Curran,* of Waukesha.

For the plaintiffs-respondents the cause was submitted on the brief of *James C. Spelman,* of Rockford, Illinois.

Before Gartzke, P.J., Eich and Sundby, JJ.

SUNDBY, J. In this appeal we decide that the city assessor properly determined the total fair market value of the plaintiffs' mobile homes for purposes of computing the monthly parking permit fees imposed by the city under sec. 66.058(3)(c), Stats. We therefore reverse the judgment.

The plaintiffs are owners of fifty mobile homes in Sandy Beach Mobile Home Park located in and owned by the City of Lake Mills. The sites are leased by the city to the plaintiffs under leases which expired in 1987, subject to renewal for terms ending in 1992.

In 1985 the city reassessed all property within the city, including the plaintiffs' mobile homes. The assessor determined the fair market value of the mobile homes by the market value approach. Because there were no sales of the mobile homes, the assessor determined their market value on the basis of recent sales of similar mobile homes located in the mobile home park. He testified that mobile homes in the Sandy Beach Mobile Home Park were more valuable than other mobile homes in the city because of their favorable location.

The trial court declared that the city's method of assessment was void and ordered a reassessment. It concluded that sec. 66.058(3)(c), Stats., does not contemplate inclusion of location in determining fair market value of mobile homes subject to a monthly parking permit fee. We disagree.

Section 66.058(3)(c), Stats., provides in part: "On January 1, the assessor shall determine the total fair market value of each mobile home in the taxation dis-

trict subject to the monthly parking permit fee." Plaintiff's mobile homes are assessable as personal property. Sec. 70.043(2), Stats., provides: "A mobile home, as defined in s. 66.058(1)(d), is personal property if the land upon which it is located is not owned by the mobile home owner or if the mobile home is not set upon a foundation or connected to utilities." The plaintiffs' mobile homes are located upon land owned by the city.

Section 70.34, Stats., provides: "All articles of personal property shall, as far as practicable, be valued by the assessor upon actual view at their true cash value . . .. In carrying out the duties imposed on him by this section, the assessor shall act in the manner specified in the Wisconsin Property Assessment Manual provided under s. 73.03(2a)[, Stats.]."

■

The term "true cash value" means the same as "fair market value." *State ex rel. Mitchell Aero v. Bd. of Review,* 74 Wis. 2d 268, 277, 246 N.W.2d 521, 526 (1976). Fair market value is "the amount [property] will sell for upon arms-length negotiation in the open market, between an owner willing but not obliged to sell, and a buyer willing but not obliged to buy." *Id.*

■

The *Wisconsin Property Assessment Manual,* vol. 1, part 2, Personal Property Assessment, p. 15-19 (rev. 1984) [p.15-23 (rev. 1988)], instructs local assessors as follows:

> When assessing mobile homes, the assessor should collect data on the physical features of each mobile home and record it on the mobile home listing sheet. The data collected should include: . . . location (i.e., whether located in a mobile home park and the size of the park, or on a lot and the size of the lot) . . ..

When using the sales comparison approach, the assessor may find that there have been few mobile home sales in the municipality. This will necessitate checking sales in neighboring districts. *Where mobile homes have been sold, a sales analysis should be performed.* [Emphasis added.]

The assessor followed the assessment manual. The remaining question is whether that method of assessment complies with sec. 70.34, Stats. We conclude that it does.

*State ex rel. Keane v. Board of Review,* 99 Wis. 2d 584, 299 N.W.2d 638 (Ct. App. 1980), involved the City of Milwaukee's assessment of leasehold improvements. The court concluded that the value of the leasehold improvements was to be determined by reference to a lease of the same or similar leasehold improvements. The court agreed with the taxpayer's reliance on the "best information" rule for determining fair market value:

The "best information" of such value is a sale of property or if there has been no such sale then sales of reasonably comparable property . . ..

. . .

Where the clear market value is *not* established by a sale or sales the assessor or the board of review should consider all the facts collectively which have a bearing upon such market value, in order to determine it. But such facts only indicate what the fair market value is and there is no occasion to resort to them, and it is wrong to do so, when the market value is established by a fair sale of the property in question *or like property. State ex rel. Geipel [v. Milwaukee,* 68 Wis. 2d 726,] 733–34, 229 N.W.2d [585,] 589 [(1975)] (quoting *State ex rel. Enterprise Realty Co. v. Swiderski,* 269 Wis. 642, 645, 70 N.W.2d 34, 35 (1955)).

*Id.* at 590, 299 N.W.2d at 641 ("not" emphasized in original).

The "best information" available to the city assessor was sales of comparable mobile homes located in the mobile home park. The price buyers were willing to pay for those mobile homes undoubtedly reflected the amenity of location. That fact does not detract from the validity of the market value approach.

The plaintiffs argue that the effect of the assessor's method of assessment was to assess the value of their leases with the city. Had there been no comparable sales it would have been entirely proper for the assessor to consider the effect of the leases on fair market value. *Mitchell Aero,* 74 Wis. 2d at 279, 246 N.W.2d at 527. Because there were comparable sales, the sales themselves established fair market value.

The case relied on by the plaintiffs, *Aberg v. Moe,* 198 Wis. 349, 224 N.W. 132, *reh. denied,* 198 Wis. 349, 367, 226 N.W. 301, *appeal dism. and cert. denied,* 280 U.S. 522 (1929), is inapposite because it was decided when the statutes did not permit the assessment of improvements to real estate as personal property.

Determining the monthly parking permit fee according to the home's fair market value requires the owners of mobile homes to bear their fair share of the costs of government. It is consistent with that objective to place mobile homes, as much as possible, on the same footing as other dwellings in the city. This objective is accomplished by applying the same assessment principles to mobile homes and to other property within the community.

Because the assessment was made as required by the property assessment manual and sec. 70.34, Stats., the

trial court erred in determining that the assessment method was void.

*By the Court.*—Judgment reversed.