STATE of Wisconsin EX REL. BRIGHTON SQUARE CO., Petitioner-Respondent,

v.

CITY OF MADISON, Respondent-Appellant.

Court of Appeals

*No. 92–1363. Submitted on briefs February 3, 1993.—Decided July 29, 1993.*

(Also reported in — N.W.2d —.)

579

For the respondent-appellant the cause was submitted on the briefs of *Eunice Gibson*, city attorney, and *Larry W. O'Brien*, assistant city attorney, of *Madison*.

For the petitioner-respondent the cause was submitted on the brief of *Roderick J. Matthews* of *Sieker and Matthews* of Madison.

Before Gartzke, P.J., Dykman and Sundby, JJ.

SUNDBY, J. The City of Madison appeals from an order under sec. 70.47(13), Stats., reversing the board of review's affirmance of the 1991 real property assessment of Brighton Square, an apartment complex owned by Brighton Square Company. The circuit court concluded that the assessment was not made according to sec. 70.32(1), Stats., because the assessor and the board failed to consider the 1989 sale of an adjacent apartment complex, Kingswood Hills. The court remanded the assessment to the board for reconsideration. We affirm.

The city claims that the Kingswood Hills sale was not an "arm's-length" transaction and therefore the

assessor and the board of review were not required to consider that sale when determining the fair market value of Brighton Square. However, the assessor conceded that he had assessed Kingswood Hills at its sales price before and after its sale in 1989. We conclude that the taxpayer was therefore entitled to rely on the 1989 sale as a sale at fair market value, in the absence of evidence presented by the city to the contrary. Because the city failed to present such evidence to the board, the board was required to accept the sale as an arm's-length transaction.

We further conclude that the taxpayer met its burden of showing that Brighton Square and Kingswood Hills are comparable properties. We therefore agree with the circuit court that the assessor and the board of review failed to determine Brighton Square's fair market value according to sec. 70.32(1), Stats., when they relied on the income approach rather than the comparable sales approach.

## BACKGROUND

Brighton Square is a 122-unit complex of one- and two-bedroom apartments. In 1975, it was separated from the original complex of 262 units built yin 1972. The remainder now comprises Kingswood Hills, a 140-unit complex.

The taxpayer purchased Brighton Square in 1978 for $1,700,000. In May 1989, Anchor Savings and Loan Association sold Kingswood Hills to its present owners for $2,800,000, the assessed value of the property. In determining the fair market value of Kingswood Hills for subsequent assessments, the assessor has relied on the 1989 sale. The taxpayer also relied on that sale, adjusted for differences between the complexes' units and amenities, to support its claim that Brighton

Square's January 1, 1991 fair market value was $1,750,000.

The city now claims that the assessor erred in relying on the May 1989 sale to determine the fair market value of Kingswood Hills. It contends that the sale was not an arm's-length transaction and that Brighton Square and Kingswood Hills are not comparable properties. The circuit court concluded, however, that the taxpayer had met its burden of showing that the sale was an arm's-length sale of a comparable property. It therefore set aside the 1991 assessment and remanded the assessment to the board for reconsideration.

## STANDARD OF REVIEW

A court has no jurisdiction to disturb the findings and determination of the board of review except where the board acts in bad faith or exceeds its jurisdiction. *Dempze Cranberry Co. v. Board of Review*, 143 Wis. 2d 879, 883, 422 N.W.2d 902, 904 (Ct. App. 1988). Our review does not include mere errors of judgment as to the preponderance of the evidence. *Id.*

The assessor's valuation is presumed correct. *Id.* at 884, 422 N.W.2d at 904; sec. 70.49(2), Stats. It will not be set aside in the absence of evidence showing it to be incorrect. *Dempze*, 143 Wis. 2d at 884, 422 N.W.2d at 904. We will not disturb the findings of the board of review if the evidence presented in favor of the assessment furnishes a substantial basis for that valuation. *Id.* However, these rules assume that the method of valuation is in accordance with the statutes. *Id.* Failure to make an assessment on the statutory basis is an error of law, correctable by the courts on certiorari. *Id.*

Section 70.32(1), Stats., provides that the assessor shall value real estate for purposes of property tax assessment from actual view or from the "best information" that the assessor can practicably obtain, "at the full value which could ordinarily be obtained therefor at private sale." Section 70.32(1) requires real estate to be assessed at its fair market value.

> The "best information" from which fair market value of real estate may be derived is a sale of the property or if there has been no such sale, then sales of reasonably comparable property. In the absence of such sales, the assessor may consider all the factors collectively which have bearing on the value of the property.

*Dempze*, 143 Wis. 2d at 885, 422 N.W.2d at 904 (citation omitted). One of the factors which the assessor may consider is the income produced by the property. *State ex rel. Enter. Realty Co. v. Swiderski*, 269 Wis. 642, 645, 70 N.W.2d 34, 35 (1955). However, when the market value is established by a fair sale of the property in question or like property, there is no occasion to resort to other factors such as income. *Id.* In *Rosen v. City of Milwaukee*, 72 Wis. 2d 653, 670, 242 N.W.2d 681, 688 (1976), the court said:

> Income is a proper element to consider depending upon its circumstances, along with other factors, in determining market value. However, such factors may only be considered where there has been no sale of the property in question or of reasonably comparable property.

Where it appears that the assessor has failed to value property according to law, an assessment based

on such value must be set aside. "Errors of law should be corrected by the court on certiorari and the failure to make an assessment on the statutory basis is an error of law." *State ex rel. Markarian v. City of Cudahy*, 45 Wis. 2d 683, 686–87, 173 N.W.2d 627, 629 (1970). *See also Metropolitan Holding Co. v. Board of Review*, 173 Wis. 2d 626, 631, 495 N.W.2d 314, 316 (1993) (valuation which exceeds fair market value violates sec. 70.32(1), Stats.).

In Parts I and II of this opinion we discuss our specific standard of review of the board's and the circuit court's determinations of the issues.

## I.

### SALE OF KINGSWOOD HILLS: ARM'S-LENGTH SALE

██ The circuit court concluded that the assessor and the board should have relied on the sale of the Kingswood Hills property to determine the fair market value of Brighton Square because the sale was an arm's-length sale of comparable property. We review the board of review's decision independent of the circuit court's conclusions. *Steenberg v. Town of Oakfield*, 167 Wis. 2d 566, 571, 482 N.W.2d 326, 327 (1992).

 "If there is credible evidence before the board that may in any reasonable view support the assessor's valuation, that valuation must be upheld." *Id.* at 572, 482 N.W.2d at 328 (quoting *Rosen v. City of Milwaukee*, 72 Wis. 2d at 662, 242 N.W.2d at 684). However, if the undisputed evidence before the board shows that the assessment has not been fixed upon the statutory basis, the assessment should be set aside. *State ex rel.*

*Boostrom v. Board of Review*, 42 Wis. 2d 149, 156, 166 N.W.2d 184, 188 (1969). If Kingswood Hills was a property reasonably comparable to Brighton Square, and its sale was an arm's-length sale, the assessment of Brighton Square made according to the income approach without considering the sale would be an error of law, correctable by the courts on certiorari. *Dempze*, 143 Wis. 2d at 884, 422 N.W.2d at 904.

The taxpayers submitted to the board a May 1, 1989 warranty deed conveying Kingswood Hills to several individuals doing business as Rimrock Joint Venture. It is undisputed that the purchase price for Kingswood Hills was $2,800,000. It is also undisputed that Kingswood Hills was valued by the assessor in 1988 and 1989 at this amount, and no change in value was noted by the assessor after the sale in 1989. The assessor continued to value Kingswood Hills for 1990 and 1991 at $2,800,000.[1]

The city "candidly concede[s]" that the assessor valued Kingswood Hills erroneously. The city argues that Anchor Savings and Loan, without putting the property on the market, "made a deal with known local people and *apparently unloaded* Kingswood." (Emphasis added.) The assessor testified that the Kingswood Hills sale was "a distress sale." Apparently, however, the parties to the sale relied on the assessor's valuation because the sale of the real estate was for the amount of the assessment. The city does not claim that it was assessing real property at something less than fair market value.

---

[1] In 1991 the assessor closed the personal property account and added that value—$80,000—to the value of Kingswood Hills.

The city's concession that the assessor valued Kingswood Hills erroneously from 1989 through 1991 impeaches the assessor's affidavit which sec. 70.49(1), Stats., requires be annexed to the completed assessment roll. Section 70.49(3), Stats., provides: "No assessor shall be allowed in any court or place by oath or testimony to contradict or impeach any affidavit or certificate made or signed by the assessor as assessor." The assessor's affidavit "is not a certificate that the assessment roll contains no error but only that the assessor verily believes the roll is complete and the valuations of property are the just and equitable values." *State ex rel. Baker Mfg. Co. v. City of Evansville*, 261 Wis. 599, 607, 53 N.W.2d 795, 799 (1952).

We conclude that when the assessor or the city disavows the correctness of a valuation of comparable property shown on the assessment roll, the burden is on the assessor or city to explain why the valuation is incorrect. The assessor and the city did not meet that burden in this case. The only evidence on this issue which the city presented to the board was the assessor's testimony that the Kingswood Hills sale was a "sale out of bankruptcy." However, the city did not introduce any evidence to support this testimony or other evidence which would support its argument that the sale from Anchor to Rimrock Joint Venture was not an arm's-length sale. The city did not present evidence to the board as to the fair market value of Kingswood Hills.

## II.

## REASONABLE COMPARABILITY

The city contends that in any event, Brighton Square and Kingswood Hills are not "reasonably comparable." The city argues: "Kingswood is a bigger complex, has a decidedly different 'mix' of units with Kingswood's greater number of two-bedroom apartments and exclusive offering of three-bedroom townhouses. Kingswood has recreational facilities which the subject [property] lacks."

In *Rosen*, 72 Wis. 2d at 665, 242 N.W.2d at 686, the city argued that a "comparable" sale relied on by the taxpayer was not comparable to the subject property because it was substantially larger, three years newer, and not in the same neighborhood as the subject parcel. *Id.* The court concluded that the properties were reasonably comparable. It said:

> [T]his court has held that in the absence of a sale of the property in question the sale of "reasonably comparable" property provides the "best information" of market value. Quite obviously, "reasonable comparability" depends upon the degree of similarity between the properties in question. Important considerations in determining whether particular property is sufficiently similar to the property being assessed to warrant reliance on its sales price as evidence of market value include its location, including the distance from the assessed property, its business or residential advantages or disadvantages, its improvements, size and use.

*Id.*

Brighton Square and Kingswood Hills are physically adjacent and for all practical purposes have the

same rental location. It is undisputed that the apartments are the same exterior design of brick and stucco and have a similar interior design. Brighton Square has sixty-eight one-bedroom apartments while Kingswood Hills has forty. Brighton Square has fifty-four two-bedroom apartments while Kingswood Hills has eighty-four. We conclude that the trial court correctly found that the properties were "reasonably comparable." We further conclude that the approach of the taxpayer to make adjustments because of the differences between the units was appropriate.

We affirm the circuit court's order remanding the assessment to the board for reconsideration.

*By the Court.*—Order affirmed.