A. Tom **NELSON**, Petitioner,

v.

**BOARD OF EQUALIZATION OF SALT LAKE COUNTY, State of Utah, and Utah State Tax Commission, Respondent.**

No. 960081.

Supreme Court of Utah.

Aug. 19, 1997.

Ted D. Blanchard, Salt Lake City, for Nelson.

Karl L. Hendrickson, Mary Ellen Sloan, Douglas R. Short, Salt Lake City, for Board of Equalization.

Jan Graham, Atty.Gen., Kelly W. Wright, Asst.Atty.Gen., Salt Lake City, for Tax Commission.

DURHAM, Justice:

A. Tom Nelson petitioned us to review a final order entered by the Utah State Tax Commission (the Commission) on a property valuation by the Salt Lake County Board of Equalization (the Board). *See* Utah Code Ann. § 63–46b–14(3)(a). In response to an order of remand by the Commission to determine the value of Nelson's private dwelling and 1.61 acres of residential property, the Board presented an appraisal valuing the property at $322,800. The Commission rejected an appraisal made by petitioner valuing the property at only $92,192 and entered

judgment on the County's valuation. We affirm.

For the purposes of ad valorem taxation, the Board initially appraised petitioner's land and residence at $340,090 as of January 1, 1993, using a computer-assisted mass appraisal system. Nelson appealed this valuation to the Board, which reduced the valuation to $254,500. Nelson appealed the Board's valuation to the Commission, and a settlement hearing was held on September 9, 1994. As a result of the hearing, the Commission issued an order of remand to determine the value of the property.

Following the order of remand, the Board performed a comparable sales analysis appraisal of the Nelson property using three homes of similar size, type of construction, age, proximate location, and land acreage. A state-certified appraiser performed the appraisal using the sale prices of the three comparable properties, each of which was sold during 1993, making value adjustments for differences in the properties. The three comparable properties each had slightly smaller land acreage and a smaller house than the subject property, and each was located within one block of Nelson's home. From this appraisal, the Board determined that Nelson's property and house were worth $322,800.

Nelson, himself a certified public accountant with a Ph.D. in accounting, performed his own valuation of the property. Nelson used appraisals of properties similar to his own within a mile of the subject property. Rather than doing a comparable sales analysis, Nelson relied on the allocation and abstraction method of appraisal, basing his valuation on appraised land values of similar properties rather than on sales. He submitted a value of $92,192.

On May 15, 1995, the Commission affirmed the Board's valuation. Nelson once again sought reconsideration of the valuation. A hearing was held on August 21, 1995, during which the Commission considered Nelson's claim together with a similar claim by Daren B. Blanchard. After hearing evidence from both sides, the Commission found that the valuations of the Board regarding each of the

two properties reflected market value and that petitioner had not met his burden of proof to show that the market value was less than that asserted by respondents. The Commission rejected Nelson's valuation, noting that he had misapplied the methods of valuing land by going outside the relevant neighborhood to select comparable properties and by failing to make the proper adjustments to the properties being compared in order to determine the market value of the subject property. Nelson's request for reconsideration was denied, and he petitioned for a writ of review. Nelson challenges the fair market valuation and claims that his rights to due process and equal protection were violated. Nelson further argues that the State has not met its constitutional requirement for uniform and equal taxation.

■ This case presents a straightforward question of the accuracy of the Commission's determination of the fair market value of petitioner's property. We are required to uphold such findings when they are supported by "substantial evidence when viewed in light of the whole record before the court." Utah Code Ann. § 59–1–610(1)(a).[1]

■ In challenging the Board's valuation, petitioner has a significant burden of proof that he must meet. As this court said in *Beaver County v. Utah State Tax Commission*, 916 P.2d 344 (Utah 1996), to defeat an assessment made for purposes of ad valorem taxation, a petitioner must "marshal all of the evidence supporting the findings and show that despite the supporting facts and in light of the conflicting evidence, the findings are not supported by substantial evidence." *Id.* at 355–56 (citations omitted). Further-

more, petitioner must not only show that the Commission's finding lacks support, but also provide an adequate basis for adopting a lower assessment: " '[W]here the taxpayer claims error, it has an obligation, not only to show substantial error or impropriety in the assessment, but also to provide a sound evidentiary basis upon which the Commission could adopt a lower valuation.' " *Id.* at 357 (alteration in original) (quoting *Utah Power & Light Co. v. Utah State Tax Comm'n*, 590 P.2d 332, 335 (Utah 1979)).

■ Because Nelson failed to satisfy his burden of marshaling the evidence and showing that the Commission's finding is not supported by substantial evidence, we affirm the Commission's finding. Neither in his brief nor during oral argument did Nelson marshal the evidence in support of the Commission's determination. Although Nelson offered anecdotal evidence showing that the similarly situated Blanchard property was assigned a value much lower than his, this type of evidence is insufficient to overturn the Commission's determination of fair market value. The Commission's determination is supported by substantial evidence. The comparative sales appraisal provided by the Board and relied upon by the Commission sufficiently justifies the valuation in this case.

Petitioner also raised several constitutional issues for our review, but none justifies relief. Although petitioner, acting pro se, may not have fully understood the proceedings below, the record indicates that the Commission gave adequate notice and hearing thus satisfying the due process requirements of the state and federal constitutions. Petition-

---

1. Cases involving valuation, especially where a choice of valuation methodology is required, sometimes raise mixed questions of law and fact or questions of law, to which cases applies a less deferential standard. *See, e.g., Alta Pac. Assocs. v. Utah State Tax Comm'n*, 931 P.2d 103 (Utah 1997). In that case, a majority of the court treated a question of choice of appraisal methodology as one of law but rejected as "simplistic" a sharp dichotomy between total deference to agency action (on so-called questions of fact) and no deference (on so-called questions of law). As Justice Zimmerman explained in a separate opinion:

The fact that labeling a question a matter of law may permit this court to define and, ulti-

mately, to constrict the pasture within which an agency ... is permitted to roam, does not mean that we must do so.... As we noted in *Pena*, there are substantial institutional reasons why appellate courts refrain from substituting their judgment for that of an agency ... on mixed questions of fact and law in any particular area, even if they have the power to do so. Those reasons apply with particular force when we are addressing fact-intensive valuation decisions dependent on a multitude of factors and made by an agency that has expertise in an area.

*Id.* at 117 (citations omitted).

er's claim that his equal protection rights were violated because the valuation of his property was disproportionately high compared to the valuation of the Blanchard property is likewise without merit. Nowhere in the record does petitioner establish that the Blanchard property is "comparable" for purposes of appraisal. Further, the means used by the County to determine the valuation of the Blanchard property have not been submitted. Without a sufficient basis in the record for demonstrating that Nelson was discriminated against, the agency's action will be presumed to be valid and made in good faith.[2]

Petitioner also claims that the valuation of his property violates the equal and uniform rate of taxation and assessment requirements found in article XIII, sections 2 and 3 of the Utah Constitution. Because petitioner failed to meet his burden of demonstrating that the Commission's fair market valuation is erroneous, this claim is unfounded. Article XIII, section 2 states, "All tangible property in the state ... shall be taxed at a uniform and equal rate in proportion to its value, to be ascertained as provided by law." Utah's property tax system satisfies this requirement by valuating and assessing property according to "fair market value." Utah Code Ann. § 59–2–103(1) ("All tangible taxable property shall be assessed and taxed at a uniform and equal rate *on the basis of its fair market value*, as valued on January 1, unless otherwise provided by law." (emphasis added)). Similarly, section 3 of article XIII requires the state to assess property at "a uniform and equal rate ... *according to its value in money*." (Emphasis added.) Once

again, the uniformity requirement is satisfied when the property valuation is made at fair market value. *See Rio Algom Corp. v. San Juan County*, 681 P.2d 184, 191 (Utah 1984). Because Nelson has not marshaled the evidence to show that the Board's valuation does not reflect fair market value and cannot be supported by substantial evidence, his claim that the State violated the uniform and equal taxation requirement cannot be sustained.[3] Therefore, we must defer to the Commission's finding that the Board's valuation reflects the fair market value of Nelson's property and satisfies the constitutional requirement of uniform and equal taxation.

We conclude that (1) substantial evidence supports the Commission's determination valuating Nelson's property at $322,800; (2) petitioner failed to meet his burden of proof by marshaling all the evidence in support of the Commission's determination and demonstrating that the valuation is not supported by substantial evidence; (3) the record does not support Nelson's constitutional arguments; (4) we must defer to the Commission's finding that the valuation of the Board reflects the fair market value of Nelson's property. Nelson's uniform and equal rate of taxation claim fails. We therefore affirm.

ZIMMERMAN, C.J., STEWART, Associate C.J., and HOWE and RUSSON, JJ., concur in Justice DURHAM's opinion.

---

**2.** The United States Supreme Court and several state courts have recognized that valuations made by government agencies have a presumption of validity. *See Sunday Lake Iron Co. v. Township of Wakefield*, 247 U.S. 350, 353, 38 S.Ct. 495, 495, 62 L.Ed. 1154 (1918); *see also, e.g., Justus v. Board of Equalization of Kootenai County*, 101 Idaho 743, 620 P.2d 777, 781 (1980) ("A presumption of constitutionality attaches to state taxing decisions."); *Appeal of Wagstaff*, 42 N.C.App. 47, 255 S.E.2d 754, 755 (1979) (stating that courts presume ad valorem tax assessments are correct); *State ex rel. Brighton Square Co. v. City of Madison*, 178 Wis.2d 577, 504 N.W.2d 436, 438 (1993) (holding that assessor's valuation is presumed to be correct).

**3.** Demonstrating a constitutional violation where a petitioner's property is assessed at market value while the property of others has been systematically and intentionally undervalued may be possible. *See Allegheny Pittsburgh Coal Co. v. County Comm'n*, 488 U.S. 336, 346, 109 S.Ct. 633, 639, 102 L.Ed.2d 688 (1989) (holding that under state requirement of uniform and equal taxation, assessment method that causes newly purchased properties to be assessed at significantly higher rates than other property violates equal protection under the Fourteenth Amendment). However, Nelson neither alleged nor showed in this case that he suffered harm by bearing a disproportionate tax burden because of the systematic and intentional undervaluation of others' property.