751 N.W.2d 870 (2008)
2008 WI App 71
Miroslav ANIC, Charles Bellatti, Catherine B. Cleary, Lawrence Grube, The Heider Trust, Richard Jung, Vytas Kerpe, Marsha Kerpe, Richard McCall, Anne McCall, The Nemschoff Trust, The Pauls Trust, The Peters *871 1984 Trust, James Pulbratek, Karen Pulbratek, Alfred Richardson, Lemont Richardson, Stanley Schreiber, Nancy Schreiber, William Wagner, Robert Werner, Wendy Werner and The Bentley Trust, Plaintiffs-Appellants,
Joellyn Johnson p/k/a The Clark Trust, Michael Gannon, Nancy Gannon, Richard Nelson, Kristine Nelson, The Speaker Trust, and Mary Ann Adamick, Plaintiffs,
v.
BOARD OF REVIEW OF the TOWN OF WILSON, Defendant-Respondent.
No. 2007AP761.
Court of Appeals of Wisconsin.
Submitted on Briefs January 31, 2008.
Opinion Filed April 2, 2008.
*872 On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of Robert W. Roth and Joseph C. Niebler, Jr. of Niebler & Roth, LLP, Waukesha; and Shawn G. Rice of Rice & Gotzmer, S.C., Sheboygan.
On behalf of the defendant-respondent, the cause was submitted on the brief of John A. St. Peter and Paul W. Rosenfeldt of Edgarton, St. Peter, Petak & Rosenfeldt, Fond du Lac.
Before BROWN, C.J., ANDERSON, P.J., and NEUBAUER, J.
¶ 1 ANDERSON, P.J.
Property valuations of eighteen beach-front properties along Lake Michigan in *873 Sheboygan county are the subject of this appeal. The eighteen property owners claim that the circuit court erred in upholding the Board of Review of the Town of Wilson's valuations of their properties. The owners claim the assessments made for the properties are improper and cannot stand and that we should remand this matter to the Board.

BACKGROUND
¶ 2 The relevant facts are not in dispute. We draw largely from the opinion of the circuit court noting that the appellants/owners' facts contain only sparse and/or too generalized citation to the record.[1] In 2005, the Town of Wilson undertook a reassessment of all real property located within the township with values determined as of January 1, 2005. Forty-three property owners, all of whom owned real estate on Lake Michigan, filed objections to their assessments. The objections were heard by the Town of Wilson Board of Review between August 25 and September 1, 2005.[2]
¶ 3 The Board deliberated each objection and made a determination regarding assessed value. Of the forty-three original property owners who objected, twenty-three filed a timely appeal of the Board's determination pursuant to WIS. STAT. § 70.47(13).[3] The substance of the owners' argument is that the town assessor's valuation of the properties is invalid because the assessments are based on a formula.
¶ 4 The town assessor apparently had difficulty finding comparable sales for lakefront properties. He eventually determined there were four suitable comparable sales in the Town of Wilson and ten suitable comparable sales in the town of Holland.
¶ 5 The town assessor evaluated the town of Holland comparable sales along with three of the Town of Wilson comparable sales and concluded that the size and shape of the individual lots had no measurable impact on the price per beach-front foot except in extreme cases. The town assessor found that the average price of these properties was $4000 per beach-front foot regardless of lot size or configuration with the exception of beach quality. The town assessor verified the quality of the *874 beach-front properties by literally walking the beaches. The town assessor determined that none of the myriad of other factors he considered had a meaningful impact on valuation. The town assessor made adjustments to the formula on a case-by-case basis for beach quality.
¶ 6 In juxtaposition to the town assessor's opinion is the opinion of the real estate appraiser retained by the owners. The owners' appraiser believed that lot size and beach frontage play an important role in determining value. The appraiser employed a "regression analysis" to determine the impact of what he presumed to be excess frontage and excess acreage. The appraiser concluded that as the size of the property increases, the value of the land on a per-acre basis decreases. Applying this analysis to the properties yielded reduced unit values for those properties which exceeded what he deemed to be the standard size and beach frontage.
¶ 7 The Board rejected the appraiser's "regression analysis" concluding it was formulaic and lacked apposite comparable sales. Nonetheless, the Board accepted the appraiser's recommendations for "adjustments" for properties located north of Kohler-Andrae State Park and for properties located adjacent to some form of public access to Lake Michigan.

STANDARD OF REVIEW
¶ 8 Challenges to land assessments for property tax purposes bring the Board of Review's decision, and not the decision of the circuit court, before us. See State ex rel. N/S Assocs. v. Board of Review, 164 Wis.2d 31, 42, 473 N.W.2d 554 (Ct.App.1991). Our review is strictly limited to whether (1) "the Board `kept within its jurisdiction'"; (2) "the Board `acted according to law'"; (3) "the action taken by the Board `was arbitrary, oppressive or unreasonable' so as to represent `its will and not its judgment'"; and (4) "the evidence before the Board was such `that it might reasonably' sustain the assessment." Id. at 41, 473 N.W.2d 554 (citation omitted).
¶ 9 We lack jurisdiction to disturb the Board's findings and determinations except when the Board acts in bad faith; exceeds its jurisdiction; Dempze Cranberry Co. v. Board of Review, 143 Wis.2d 879, 883, 422 N.W.2d 902 (Ct.App. 1988); or fails to make the assessment on the statutory basis. State ex rel. Boostrom v. Board of Review, 42 Wis.2d 149, 156, 166 N.W.2d 184 (1969). We also can set aside the action of the Board if it "excluded from consideration evidence entitled to consideration or if the assessor based his [or her] valuation on improper considerations or went upon a false assumption or theory in determining the amount." State ex rel. Kesselman v. Board of Review, 133 Wis.2d 122, 127-28, 394 N.W.2d 745 (Ct.App.1986).
¶ 10 A challenger to a property tax assumption has an uphill battle; the assessor's valuation is presumed to be correct. State ex rel. Campbell v. Township of Delavan, 210 Wis.2d 239, 260, 565 N.W.2d 209 (Ct.App.1997). The challenger can only overcome the presumption by showing that the assessment is not supported by substantial evidence or the assessor's methods do not comport with statutory and administrative code requirements. Johnson v. City of Greenfield Bd. of Review, 2005 WI App 156, ¶ 9, 284 Wis.2d 805, 702 N.W.2d 460; State ex rel. Wis. Edison Corp. v. Robertson, 99 Wis.2d 561, 571-72, 299 N.W.2d 626 (Ct.App. 1980). If the challenger overcomes the presumption of correctness, the question we must answer is "whether credible evidence was presented to the board that may in any reasonable view support the board's determination." Campbell, 210 Wis.2d at 260, 565 N.W.2d 209 (citation omitted).
*875 ¶ 11 If there is a conflict in the testimony respecting the value of the property, the court does not substitute its opinion of the value for that of the Board of Review. When there is a conflict in the testimony, it is the task of the Board to determine the probity and credibility of the witnesses who appear before it. Rite-Hite Corp. v. Board of Review, 216 Wis.2d 189, 195, 575 N.W.2d 721 (Ct.App.1997). "If there is credible evidence before the board that may in any reasonable view support the assessor's valuation, that valuation must be upheld." Rosen v. City of Milwaukee, 72 Wis.2d 653, 662, 242 N.W.2d 681 (1976).
¶ 12 With these rubrics clearly in mind, we focus our inquiry on whether the assessment was in accord with the pertinent statutory directives. If the assessment was made in compliance with the statute, the assessment must be upheld "if there is any evidence to support it." State ex rel. Geipel v. City of Milwaukee, 68 Wis.2d 726, 732, 229 N.W.2d 585 (1975).

APPLICABLE LAW
¶ 13 Real property assessment in Wisconsin is governed by WIS. STAT. § 70.32(1) and the WISCONSIN PROPERTY ASSESSMENT MANUAL. Section 70.32(1) provides:
Real estate, how valued. (1) Real property shall be valued by the assessor in the manner specified in the Wisconsin property assessment manual provided under s. 73.03(2a) from actual view or from the best information that the assessor can practicably obtain, at the full value which could ordinarily be obtained therefor at private sale. In determining the value, the assessor shall consider recent arm's-length sales of the property to be assessed if according to professionally acceptable appraisal practices those sales conform to recent arm's-length sales of reasonably comparable property; and all factors that, according to professionally acceptable appraisal practices, affect the value of the property to be assessed.
Additionally, our supreme court requires that assessors employ a hierarchical structure for all assessments:
The "best information" of such value is a sale of the property or if there has been no such sale then sales of reasonably comparable property. In the absence of such sales, the assessor may consider all the factors collectively which have a bearing on value of the property in order to determine its fair-market value. However, it is error to use this method "when the market value is established by a fair sale of the property in question or like property."
State ex rel. Markarian v. City of Cudahy, 45 Wis.2d 683, 686, 173 N.W.2d 627 (1970) (citation omitted). Reasonable comparable sales refers
to properties that represent the subject property in age, condition, use, type of construction, location, number of stories, and physical features. The more similar the sold property is to the subject, the more valid is the sale price as an indicator of the value of the subject property. Also, by using similar properties, sales prices need fewer adjustments to arrive at an estimate of value for the subject property.
Joyce v. Town of Tainter, 2000 WI App 15, 232 Wis.2d 349, 361, 606 N.W.2d 284 (Ct. App.1999) (citing 1 PROPERTY ASSESSMENT MANUAL, 7-12, 7-13). WISCONSIN STAT. § 70.47(8)(d) provides that the Board: "may and upon request of the assessor shall compel the attendance of witnesses, except objectors who may testify by telephone, and the production of all books, inventories, appraisals, documents and other data which may throw light upon the value of the property."
¶ 14 The statute specifically permits the Board to rely on, among other *876 materials, "appraisals, documents and other data which may throw light upon the value of property." N/S Assocs., 164 Wis.2d at 59 n. 11, 473 N.W.2d 554. The one thing that cannot be relied upon is a formula. Campbell, 210 Wis.2d at 264, 565 N.W.2d 209.

ANALYSIS
¶ 15 We uphold the circuit court's affirmance of the Board given that the Board's decision is legally sound. See N/S Assocs., 164 Wis.2d at 42, 473 N.W.2d 554. The fundamental issue on appeal is whether the town assessor's valuation was formulaic. The town assessor found thirteen comparable sales which he analyzed. After evaluating the recent sales of these properties, he concluded that the only factors that had any material impact on price were beach length and beach quality. Utilizing the thirteen comparable sales, the town assessor established a preliminary value for beach-front property at $4000 per foot. Thereafter, the individual property valuation for the individual parcels was adjusted based on factors such as inferior beach condition, public access, and location north of Kohler-Andrae State Park.
¶ 16 The owners argue that the facts here "closely follow" our decision in Campbell. We roundly disagree. In Campbell, we considered whether the valuation of a waterfront property in the Town of Delevan was the result of an appropriate assessment. Campbell, 210 Wis.2d at 244, 565 N.W.2d 209. The assessor used a cost or market approach and specifically admitted use of a formula for valuation: "[W]e have a set formula for prime properties or lakefront properties in the town." Id. at 262, 565 N.W.2d 209. We disagreed with the Town of Delafield's board which argued that the hierarchical valuation structure set forth in Markarian, 45 Wis.2d at 686, 173 N.W.2d 627, was repealed because of the statutory amendments to WIS. STAT. § 70.32(1). Campbell, 210 Wis.2d at 255-57, 565 N.W.2d 209. We held that the assessor's formulaic approach was improper and remanded the matter to the circuit court concluding that "resort to formulas or extrinsic factors constitutes error." Id. at 264, 565 N.W.2d 209.
¶ 17 Here, unlike in Campbell, the town assessor's analysis was based on valid comparable sales data. He looked at the sales and made comparisons on a per-foot basis. The sale prices were all in close proximity. He looked at new, old, unkempt, well-kept, year-round and summer homes and he found that the only factors that had any material impact on price were beach length and beach quality, and that other factors did not matter. The town assessor did not merely look at a small selection of sales in isolation and apply mathematical analysis. Rather, he considered a relevant number of sales over a considerable period of time, looking for patterns and trends. He looked at prevailing market conditions and looked at all the variables and only after doing that did he make his determination that the market for lakefront property had grown so strong that factors other than beach length and beach quality were being ignored by the marketplace. This is not formulaic and is not Campbell all over again as the owners purport.
¶ 18 The circuit court accurately determined that "the Assessor's valuation was not a perfunctory application of an unfounded mathematical formula." The valuation that he assigned to the properties reflects evaluation of comparable sales and consideration of different characteristics that would impact value. The town assessor's analysis led him to conclude that the beach length and beach quality were typically the only factors that impact value. The town assessor verified the quality of the beach-front properties by literally walking the beaches. The town assessor *877 followed the hierarchal methodology required by the statute in arriving at the valuation of the properties. The town assessor provided credible evidence to support his assessment which was made in compliance with the statute and therefore the Board's acceptance of his assessement must be upheld. See Geipel, 68 Wis.2d at 732, 229 N.W.2d 585; see also Rosen, 72 Wis.2d at 662, 242 N.W.2d 681.
¶ 19 We acknowledge that the opinion of the owners' appraiser reflects the difficulties encountered when attempting to determine fair market value of the beach-front properties. However, it does not discredit the town assessor's valuations. We will not substitute our opinion of valuation for that of the Board of Review. Here, there is a conflict in the testimony on valuation; it is the task of the Board to determine the probity and credibility of the witnesses who appear before it. See Rite-Hite Corp., 216 Wis.2d at 195, 575 N.W.2d 721. The Board properly accepted the town assessor's valuation. The owners have not overcome the presumption of correctness of the town assessor's valuation. See Campbell, 210 Wis.2d at 260, 565 N.W.2d 209. We hold that the Board kept within its jurisdiction and acted according to law. See N/S Assocs., 164 Wis.2d at 41, 473 N.W.2d 554. We further conclude that the action taken by the Board was in no way arbitrary, oppressive or unreasonable so as to represent its will and not its judgment. See id. Finally, we hold that the evidence before the Board was such that it might reasonably sustain the assessment. See id. The circuit court did not err in affirming the Board.
Judgment affirmed.
NOTES
[1] This court is not required to sift through the record for facts to support the property owners' argument. See Keplin v. Hardware Mut. Cas. Co., 24 Wis.2d 319, 324, 129 N.W.2d 321 (1964). It is their responsibility to provide this court with proper references to the record. See WIS. STAT. § 809.19(1)(e) (2005-06).

All references to the Wisconsin Statutes are to the 2005-06 version unless otherwise noted.
[2] The town's assessor, Mark Tellen, and the owners' appraiser, Kurt Kielisch, testified concerning the general principles, concepts and methodology that they applied to the properties. The parties stipulated to the inclusion of this testimony in the hearing records of all of the original forty-three owners. The parties also stipulated to the inclusion of an earlier Board hearing on August 22, 2005, during which Tellen also testified. Finally, the parties stipulated that other testimony of a general nature presented in the context of individual objections would be included in the hearing records of other owners.
[3] WISCONSIN STAT. § 70.47(13) states:

CERTIORARI. Except as provided in s. 70.85, appeal from the determination of the board of review shall be by an action for certiorari commenced within 90 days after the taxpayer receives the notice under sub. (12). The action shall be given preference. If the court on the appeal finds any error in the proceedings of the board which renders the assessment or the proceedings void, it shall remand the assessment to the board for further proceedings in accordance with the court's determination and retain jurisdiction of the matter until the board has determined an assessment in accordance with the court's order. For this purpose, if final adjournment of the board occurs prior to the court's decision on the appeal, the court may order the governing body of the assessing authority to reconvene the board.