PATIENCE DRAKE ROGGENSACK, J.
¶ 82. {concurring). The majority opinion correctly upholds the Town of Black Creek Board of Review's assessment of Frank Sausen's real property for purposes of real estate taxation. I write in concurrence to complete the certiorari review that applies when a board of review's decision is examined on appeal.
I. BACKGROUND
¶ 83. Sausen owns real property in the Town of Black Creek, Outagamie County, Wisconsin. He filed an objection to the assessment of his property with the Town's board of review when his assessment increased from $11,000 in 2008 to $27,500 in 2009. He claimed that his property had been incorrectly classified as "productive forest land." He asserted that the correct property classification was "undeveloped land," as defined in Wis. Stat. § 70.32(2)(c)4., which would then be assessed at 50 percent of its value pursuant to §70.32(4). The board of review denied his request to reclassify his property, thereby affirming the $27,500 valuation for his assessment.
¶ 84. Pursuant to Wis. Stat. § 70.47(13), Sausen petitioned for a writ of certiorari in regard to the board of review's classification of his property as "productive *608 forest land."[1] Upon certiorari review, the circuit court affirmed the board of review. The court of appeals affirmed as well.[2]
II. DISCUSSION
A. Standard of Review
¶ 85. Petitions under Wis. Stat. § 70.47(13) proceed by certiorari review, wherein we independently review the board of review's decision while benefitting from the analyses of the circuit court and court of appeals. State ex rel. Stupar River LLC v. Town of Linwood Portage Cnty. Bd. of Review, 2011 WI 82, ¶ 16, 336 Wis. 2d 562, 800 N.W.2d 468. We look for "any error in the proceedings of the board which renders the assessment or the proceedings void." § 70.47(13); Northland Whitehall Apartments Ltd. P'ship v. City of Whitehall Bd. of Review, 2006 WI App 60, ¶ 13, 290 Wis. 2d 488, 713 N.W.2d 646.
B. Certiorari Review
¶ 86. The scope of certiorari review under Wis. Stat. § 70.47(13) is limited to considering whether the board of review's actions were: (1) within its jurisdiction; (2) according to law; (3) arbitrary, oppressive or *609 unreasonable and represented its will, not its judgment; and (4) supported by evidence such that the board might reasonably make the determination under review. Joyce v. Town of Tainter, 232 Wis. 2d 349, 353, 606 N.W.2d 284 (Ct. App. 1999). "Certiorari review under [] § 70.47(13) is limited to [] the record made before the board of review."[3] Nankin v. Vill. of Shorewood, 2001 WI 92, ¶ 20, 245 Wis. 2d 86, 630 N.W.2d 141.
¶ 87. I note that the board of review had jurisdiction to hear Sausen's objection to the classification of his property. The classification of real property bears on the amount of the property's assessment. Wis. Stat. § 70.32(4). The board of review has statutory authority to review and evaluate the assessor's decision and other evidence submitted to it when an objection is made. Wis. Stat. § 70.47(7). Accordingly, the decision of the board of review was within its jurisdiction. See Anic v. Bd. of Review of the Town of Wilson, 2008 WI App 71, ¶ 19, 311 Wis. 2d 701, 751 N.W.2d 870 (explaining that the board of review kept within its jurisdiction when it determined the "probity and credibility of the witnesses").
¶ 88. In order for the board of review's decision to be made according to law, the board's denial of Sausen's objections to the assessment of his property would have involved consideration of whether appropriate statutory criteria were followed in arriving at the assessment. Johnson v. City of Greenfield Bd. of Review, 2005 WI App 156, ¶ 6, 284 Wis. 2d 805, 702 N.W.2d 460. The assessment includes the valuation of the real estate, as well as its classification. Wis. Stat. § 70.32. Valuation is *610 governed by § 70.32(1), (lg) and (lm). Section § 70.32(1) is most relevant to the assessment of Sausen's property. It provides that valuation shall proceed:
in the manner specified in the Wisconsin property assessment manual provided under s. 73.03(2a) from actual view or from the best information that the assessor can practicably obtain, at the full value which could ordinarily be obtained therefor at private sale. In determining the value, the assessor shall consider recent arm's-length sales of the property to be assessed if according to professionally acceptable appraisal practices those sales conform to recent arm's-length sales of reasonably comparable property; ... and all factors that, according to professionally acceptable appraisal practices, affect the value of the property to be assessed.
¶ 89. The board of review considered recent arm's-length sales of other property that were reasonably comparable to Sausen's property. The board noted, "We have wood[ed] swampland that was sold in the township parcel number 260 that was sold for $2,750 per acre and also section 13 parcel 249 was also sold for $2,750, they are very similar, similar type of woods on the map."
¶ 90. Sausen's parcel contained ten acres. With a per acre value of $2,750, the assessed value of $27,500 is consistent with other comparable property that had a recent sale.
¶ 91. The board of review also considered Sausen's argument that the property should be classified as "undeveloped land" and decided that the assessor's description of low grade woods was more appropriate due to all the trees. "Forested areas primarily held for hunting" are generally given a forested classification such as " [productive forest land" de *611 scribed in Wis. Stat. § 70.32(2)(c)2. Wisconsin Dep't of Revenue, Wisconsin Property Assessment Manual 2013, 5-55 - 5-56 (rev'd 12/11). The board of review then affirmed the classification of "productive forest land" and the valuation of $27,500 given by the assessor. In so doing, the board of review followed the directive of § 70.32(1) and acted "according to law." See Johnson, 284 Wis. 2d 805, ¶ 6 (explaining that assessments made according to the statutory criteria are made according to the law).
¶ 92. The board of review did not approach Sausen's objection to the classification of his property in an arbitrary, oppressive or unreasonable manner. It excluded no evidence that Sausen sought to present. Rather, it considered the maps that he submitted, his argument that his property should be classified as "undeveloped land," other wooded hunting lands and how they were assessed, and the assessor's professional opinion that the property was correctly classified as "productive forest land" because it contained low grade woods. See Whitecaps Homes, Inc. v. Kenosha Cnty. Bd. of Review, 212 Wis. 2d 714, 722-23, 569 N.W.2d 714 (Ct. App. 1997) (concluding that so long as there is a reasonable ground for the exercise of the board of review's judgment, it will not be held to be arbitrary or oppressive).
¶ 93. Sausen provided two maps as evidence: one from the Wisconsin Department of Natural Resources (DNR map) and one from the United States Department of the Interior Geological Survey (U.S. Survey map). Both maps are aerial photographs of Sausen's property, and both maps described the property in ways other than as "productive forest land," the classification the assessor assigned to Sausen's property. However, neither map described the land depicted *612 as "undeveloped land." The DNR map described the property as "forested" and "wetlands." The U.S. Survey map does not use descriptive labels for Sausen's property.
¶ 94. Sausen represented himself before the board of review and argued that the descriptions on the two maps confirmed his belief that his property should have been classified as "undeveloped land." However, Sausen did not provide expert testimony from a real estate appraiser who may have been able to link the descriptions on the maps to the statutory classifications set out in Wis. Stat. § 70.32(2)(a)5. and 6. Sausen did not have the expertise to make the necessary connection. Accordingly, the assessor's opinion that the property was correctly classified as "productive forest land" pursuant to § 70.32(2)(a)6. was uncontroverted before the board of review. Therefore, the evidence was such that the board of review might reasonably make the determination that it made. See Stupar River, 336 Wis. 2d 562, ¶¶ 25-27 (concluding that the board of review's decision must be upheld if it is reasonable under the evidence submitted).
III. CONCLUSION
¶ 95. Certiorari review of the board of review's decision shows that the board: kept within its jurisdiction; acted according to law; was not arbitrary, oppressive or unreasonable in its decision-making; and heard evidence that reasonably supported its decision. Accordingly, I concur with the majority opinion and conclude that the board of review's decision must be upheld.

 Sausen v. Town of Black Creek Bd. of Review, No. 2010AP3015, unpublished slip op. (Wis. Ct. App. Nov. 6, 2012).

 Under Wis. Stat. § 74.37(3)(d), the action proceeds as do other civil actions. Nankin, 245 Wis. 2d 86, ¶ 22. Such an action permits a full trial on the assessment, unlike the limited review accorded in certiorari review. Id., ¶ 24.